C S ✗

**FILED**

JUL 3 0 2007

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT.
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON RINEHART, | No. C 07-2558 MJJ (PR) |
| Plaintiff, | **ORDER OF SERVICE;** |
| | **DIRECTING DEFENDANTS TO** |
| v. | **FILE DISPOSITIVE MOTION OR** |
| | **NOTICE THAT SUCH MOTION IS** |
| GREG ADHERN, et al., | **NOT WARRANTED; GRANTING** |
| | **APPLICATION TO PROCEED IN** |
| Defendants. | **FORMA PAUPERIS** |
| | (Docket Nos. 2 & 4) |

Plaintiff, an inmate in the Santa Rita Jail, filed this pro se civil rights complaint pursuant to 42 U.S.C. § 1983, alleging that jail officials allowed him to be assaulted by another inmate, resulting in serious injuries to plaintiff. Plaintiff has also applied for leave to proceed in forma pauperis.

**DISCUSSION**

## A.     Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be

G:\PRO-SE\MJJ\CR.07\rinehart.srv.wpd

1  liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.
2  1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential
3  elements: (1) that a right secured by the Constitution or laws of the United States was
4  violated, and (2) that the alleged violation was committed by a person acting under the
5  color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

6  **B.    Legal Claims**

7  Plaintiff alleges defendants Sheriff Greg Adhern and Technician Richardson allowed
8  plaintiff to be assaulted by another inmate who was known to be dangerous and a threat to
9  other inmates. Liberally construed, plaintiff's allegations state a cognizable claim for the
10  violation of his Eighth Amendment rights. Cf. Farmer v. Brennan, 511 U.S. 825, 832 (1994)
11  (holding Eighth Amendment requires prison officials take reasonable measures to guarantee
12  safety of prisoners, in particular to protect prisoners from violence by other prisoners).

**CONCLUSION**

14  For the reasons stated above, the Court orders as follows:

15  1.    The Clerk of Court shall issue summons and the United States Marshall shall
16  serve a copy of the complaint in this matter, all attachments thereto, and a copy of this
17  order upon **Sheriff Greg Adhern and Technician Richardson** at the **Santa Rita County**
18  **Jail.** The Clerk shall also mail a courtesy copy of this order and the complaint to the
19  County Counsel's Office of the County of Alameda.

20  2.    No later than **ninety (90) days** from the date of this order, defendants shall
21  file a motion for summary judgment or other dispositive motion with respect to the claims
22  in the complaint found to be cognizable above.

23  a.    If defendants elect to file a motion to dismiss on the grounds plaintiff
24  failed to exhaust his available administrative remedies as required by 42 U.S.C. §
25  1997e(a), defendants **shall** do so in an unenumerated Rule 12(b) motion pursuant to Wyatt
26  v. Terhune, 315 F.3d 1108, 1119-20 & n.4 (9th Cir. 2003).

27  b.    Any motion for summary judgment shall be supported by adequate
28  factual documentation and shall conform in all respects to Federal Rule of Civil Procedure

G:\PRO-SE\MJJ\CR.07\rinehart.srv.wpd         2

1   56. **Defendants are advised that summary judgment cannot be granted, nor qualified**

2   **immunity found, if material facts are in dispute. If any defendant is of the opinion**

3   **that this case cannot be resolved by summary judgment, he shall so inform the Court**

4   **prior to the date the summary judgment motion is due**.

5       3.    Plaintiff's opposition to the dispositive motion shall be filed with the Court

6   and served on defendants no later than **thirty (30) days** from the date defendants' motion is

7   filed.

8           a.    In the event the defendants file an unenumerated motion to dismiss

9   under Rule 12(b), plaintiff is hereby cautioned pursuant to Wyatt v. Terhune, 315 F.3d

10   1108, 1119-20 & n.4 (9th Cir. 2003):

11              If defendants file an unenumerated motion to dismiss for failure to
exhaust, they are seeking to have your case dismissed. If the motion is granted

12   it will end your case.
           You have the right to present any evidence you may have which tends to

13   show that you did exhaust your administrative remedies. Such evidence may
be in the form of declarations (statements signed under penalty of perjury) or

14   authenticated documents, that is, documents accompanied by a declaration
showing where they came from and why they are authentic, or other sworn

15   papers, such as answers to interrogatories or depositions.
           If defendants file a motion to dismiss and it is granted, your case will be

16   dismissed and there will be no trial.

17           b.    In the event defendants file a motion for summary judgment, the Ninth

18   Circuit has held that the following notice should be given to plaintiffs:

19              The defendants have made a motion for summary judgment by which
they seek to have your case dismissed. A motion for summary judgment

20   under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end
your case.

21              Rule 56 tells you what you must do in order to oppose a motion for
summary judgment. Generally, summary judgment must be granted when

22   there is no genuine issue of material fact--that is, if there is no real dispute
about any fact that would affect the result of your case, the party who asked

23   for summary judgment is entitled to judgment as a matter of law, which will
end your case. When a party you are suing makes a motion for summary

24   judgment that is properly supported by declarations (or other sworn
testimony), you cannot simply rely on what your complaint says. Instead,

25   you must set out specific facts in declarations, depositions, answers to
interrogatories, or authenticated documents, as provided in Rule 56(e), that

26   contradict the facts shown in the defendants' declarations and documents and
show that there is a genuine issue of material fact for trial. If you do not

27   submit your own evidence in opposition, summary judgment, if appropriate,
may be entered against you. If summary judgment is granted in favor of

28   defendants, your case will be dismissed and there will be no trial.

1  See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to
2  read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477
3  U.S. 317 (1986) (holding party opposing summary judgment must come forward with
4  evidence showing triable issues of material fact on every essential element of his claim).
5  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary
6  judgment may be deemed to be a consent by plaintiff to the granting of the motion, and
7  granting of judgment against plaintiff without a trial. See Ghazali v. Moran, 46 F.3d 52,
8  53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

9      4.     Defendants shall file a reply brief no later than **fifteen (15) days** after
10 plaintiff's opposition is filed.

11     5.     The motion shall be deemed submitted as of the date the reply brief is due.
12 No hearing will be held on the motion unless the Court so orders at a later date.

13     6.     All communications by the plaintiff with the Court must be served on
14 defendants, or defendants' counsel once counsel has been designated, by mailing a true
15 copy of the document to defendants or defendants' counsel.

16     7.     Discovery may be taken in accordance with the Federal Rules of Civil
17 Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or
18 Local Rule 16-1 is required before the parties may conduct discovery.

19     8.     It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the
20 Court informed of any change of address and must comply with the court's orders in a
21 timely fashion. Failure to do so may result in the dismissal of this action for failure to
22 prosecute pursuant to Federal Rule of Civil Procedure 41(b).

23     9.     Extensions of time are not favored, though reasonable extensions will be
24 granted. Any motion for an extension of time must be accompanied by a showing of good
25 cause for the extension requested, and must be filed no later than the deadline sought to be
26 extended.

27     10.    Plaintiff's request to proceed in forma pauperis (Docket No. 2) is
28 GRANTED. The total filing fee that will ultimately be due is $350.00. In view of plaintiff's

G:\PRO-SE\MJJ\CR.07\rinehart.srv.wpd          4

1     income and account balance over the last six months, no initial partial filing fee is due.

2     Funds for the filing fee will be taken from income to plaintiff's account in accordance with

3     28 U.S.C. § 1915(B)(1). A copy of this order and the attached instructions will be sent to

4     plaintiff, the prison trust account office, and the Court's financial office.

5         This order terminates docket number 2.

6         IT IS SO ORDERED.

7    DATED: 7/26/2007

8

9                          MARTIN J. JENKINS
                         United States District Judge

**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA**

INSTRUCTIONS FOR PAYMENT OF PRISONER'S FILING FEE

The prisoner shown as the plaintiff or petitioner on the attached order has filed a civil action in forma pauperis in this court and owes to the court a filing fee. Pursuant to 28 U.S.C. § 1915, the fee is to be paid as follows:

The initial partial filing fee listed on the attached order should be deducted by the prison trust account office from the prisoner's trust account and forwarded to the clerk of the court as the first installment payment on the filing fee. This amount is twenty percent of the greater of (a) the average monthly deposits to the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition or (b) the average monthly balance in the prisoner's account for the 6-month period immediately preceding the filing of the complaint/petition.

Thereafter, on a monthly basis, 20 percent of the preceding month's income credited to the prisoner's trust account should be deducted and forwarded to the court each time the amount in the account exceeds ten dollars ($10.00). The prison trust account office should continue to do this until the filing fee has been paid in full.

If the prisoner does not have sufficient funds in his/her account to pay the initial partial filing fee, the prison trust account office should forward the available funds, and carry the balance forward each month until the amount is fully paid.

If the prisoner has filed more than one complaint, (s)he is required to pay a filing fee for each case. The trust account office should make the monthly calculations and payments for each case in which it receives an order granting in forma pauperis and these instructions.

**The prisoner's name and case number must be noted on each remittance. The initial partial filing fee is due within thirty days of the date of the attached order.** Checks should be made payable to Clerk, U.S. District Court and sent to Prisoner Accounts Receivable, U.S. District Court, 450 Golden Gate Avenue, Box 36060, San Francisco, CA 94102.

cc:    Plaintiff
       Finance Office

G:\PRO-SE\MJJ\CR.07\rinehart.srv.wpd                    6

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA


HARRISON RINEHART,

        Plaintiff,

v.

GREG ADHERN et al,

        Defendant.

_____/

Case Number: CV07-02558 MJJ

**CERTIFICATE OF SERVICE**


I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 30, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Harrison Rinehart
Santa Rita County Jail
Prisoner Id AMB-221
5325 Broder Boulevard;8-B-4
Dublin, CA 94568

Prison Trust Account Office
Santa Rita County Jail
5325 Broder Boulevard;8-B-4
Dublin, CA 94568

U.S.D.C. Finance Office

Alameda County Counsel
1221 Oak Street, Room 463,
Oakland CA 94612


Dated: July 30, 2007

Richard W. Wieking, Clerk
By: Edward Butler, Deputy Clerk