J. RANDALL ANDRADA (SBN 70000)
randrada@andradalaw.com
BRENDAN KENNY (SBN 237969)
bkenny@andradalaw.com
**ANDRADA & ASSOCIATES**
**PROFESSIONAL CORPORATION**
180 Grand Avenue, Suite 225
Oakland, California 94612
Tel.:   (510) 287-4160
Fax:   (510) 287-4161

Attorneys for Defendants
SHERIFF GREGORY AHERN and
SHERIFF'S TECHNICIAN B. RICHARDSON

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON RINEHART,<br><br>        Plaintiffs,<br><br>    v.<br><br>GREG AHERN- SHERIFF, ET AL. and RICHARDSON - TECHNICIAN,<br><br>        Defendants. | Case No.: CV 07-02558 MJJ (PR)<br><br>**NOTICE OF, AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56)**<br><br>No hearing pursuant to 7-30-07 order<br><br>Action Filed: May 15, 2007<br>Trial Date:    TBD |

TO PLAINTIFF:

NOTICE IS HEREBY GIVEN, pursuant to a court order filed on July 30, 2007, that at a date and time to be set at the discretion of the court, in Courtroom 11, located at 450 Golden Gate Avenue, San Francisco, California, Defendants SHERIFF'S TECHNICIAN RICHARDSON ("Technician Richardson") and SHERIFF GREGORY AHERN ("Sheriff Ahern") will, and hereby do, move the Court for an order that summary judgment be entered in favor of them and against Plaintiff HARRISON RINEHART ("Plaintiff") with respect to the following issues:

(1) With respect to plaintiff's Eighth Amendment claim relating to the February 11, 2007 incident, Plaintiff cannot prove that Technician Richardson was deliberately indifferent before,

1

during, and after the incident;

(2) With respect to plaintiff's Eighth Amendment claim relating to the February 11, 2007 incident, even if Plaintiff could raise a genuine material fact as to deliberate indifference, Technician Richardson is entitled to qualified immunity for his conduct before, during, and after the incident because he did not violate a clearly established constitutional right of which a reasonable prison official would have been aware; and

(3) With respect to plaintiff's Eight Amendment claim relating to the February 11, 2007 incident, Plaintiff cannot recover as to Sheriff Ahern because the only alleged basis for liability is respondeat superior, and this is not a proper basis under 42 U.S.C. § 1983. Alternatively, Sheriff Ahern is entitled to qualified immunity.

The motion is made on the grounds that Plaintiff cannot state any cause of action against Defendants, and that Defendants are entitled to summary judgment as a matter of law.

The motion is based on this Notice of Motion for Summary Judgment, the Memorandum of Points and Authorities in Support of Defendants' Motion for Summary Judgment, the Declarations of Brendan Kenny, Technician Richardson, Deputy Sheriff M. Tolero, Sergeant K. Martinez and supporting documentary evidence, attached to said Declarations, the pleadings, records, and files herein, and on such oral and documentary evidence as may be presented at the hearing of this motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION AND STATEMENT OF THE CASE

This case involves a scuffle between two inmates at Santa Rita --Plaintiff Harrison Rinehart and Carl Phillips. Plaintiff filed a pro se civil rights action under 42 USC §1983 on May 15, 2007. He alleges that Sheriff Gregory Ahern and Sheriff's Technician B. Richardson violated his Eighth Amendment rights by allowing inmate Phillips to enter Plaintiff's cell and pick a fight. He further alleged that inmate Phillips was known to be dangerous. (July 30, 2007 Screening Orders, "SO", 2:7-12.)

The court screened Plaintiff's complaint on July 26, 2007. The court found that it stated a cognizable claim for relief against Sheriff Ahern and Technician Richardson for violation of

2

plaintiff's Eighth Amendment rights. (SO 2:7-19.)

As a matter of law, Plaintiff cannot prove a prima facie case of deliberate indifference in allowing inmate Phillips access to Plaintiff's cell because Technician Richardson clearly acted to secure the safety of the inmates, staff, and institution before, during, and after the incident. Additionally, Technician Richardson is entitled to qualified immunity.

As a matter of law, Plaintiff cannot prove a prima facie case of deliberate indifference against Sheriff Ahern because there is no 42 U.S.C. §1983 respondeat superior or vicarious liability. Even if Plaintiff could somehow prove a prima facie case, Sheriff Ahern is entitled to qualified immunity

## II. STATEMENT OF THE ISSUES TO BE DECIDED

1.  A prison official acts properly under the Eighth Amendment in protecting the health and safety of an inmate unless the official is deliberately indifferent to the safety of said inmate. Technician Richardson was not deliberately indifferent to the safety of Plaintiff before, during, or after the incident and is entitled to judgment as a matter of law.

2.  Even if Plaintiff could raise a genuine material fact as to deliberate indifference, a prison official is entitled to qualified immunity unless it would be clear to a reasonable official that the actions taken would violate an inmate's clearly established constitutional right. Technician Richardson is entitled to qualified immunity for his conduct before, during, and after the incident between Plaintiff and inmate Carl Phillips.

3.  There is no 42 U.S.C. § 1983 respondeat superior or vicarious liability. Therefore, as a matter of law, Plaintiff cannot prove a prima facie case of deliberate indifference by Sheriff Ahern with regard to the incident between Plaintiff and inmate Phillips.

## III. SUMMARY JUDGMENT STANDARD

Summary judgment is properly granted when, viewing the evidence in the light most favorable to the nonmoving party, there is no genuine issue of material fact. Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party may discharge its burden on summary judgment simply by identifying "an absence of evidence to support the nonmoving party's case" and need not come forward with evidence disproving the nonmoving party's case. *Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party to produce evidence

1  sufficient to raise a triable issue of fact as to issues on which it bears the burden of proof at trial. *Id.*
2  at 324.
3      A triable issue of fact exists only when there is sufficient evidence for a jury to return a
4  verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)
5  Thus, the moving party is entitled to summary judgment if the nonmoving party fails to produce
6  evidence sufficient to raise a triable issue of fact as to an issue on which it bears the burden of proof.
7  *See Id.; Celotex*, 477 U.S. at 324-25.

## IV.  STATEMENT OF UNDISPUTED FACTS

9  1.   Plaintiff was continuously incarcerated at Santa Rita Jail from October 25, 2006 to October
10  11, 2007. (Kenny Dec., Ex. A at pg. 1.) His records indicate he has been incarcerated at Santa Rita
11  Jail on numerous occasions since 1984. (Kenny Dec., Ex. A, at pp. 2-17.)
12  2.   During his incarceration at Santa Rita, Plaintiff has committed several acts of violence
13  towards fellow inmates. On June 8, 2000, he was charged with the battery of an inmate. (Kenny
14  Dec., Ex. B at pg. 4.) On September 10, 2000, he was charged with the battery of an inmate. (*Id.* at
15  pg. 5.) On May 10, 2002, he was charged with the battery of another inmate. (*Id.* at pg. 6.) On
16  March 27, 2004, he was charged with the battery of yet another inmate. (*Id.* at pg. 8.)
17  3.   On February 11, 2007, Technician Richardson was assigned to Housing Unit #8 for his
18  Saturday shift. By 8:43 a.m., the inmates in the B-pod of Housing Unit #8 had been locked down
19  after eating breakfast. (Richardson Dec., Ex. A.)
20  4.   Inmate Carl Phillips is an authorized pod worker. At 845 a.m., he rang the dining room door
21  bell to access B pod to retrieve food trays and trash. Phillips is one of only three authorized pod
22  workers in Housing Unit #8. It is not uncommon for a worker to be responsible for cleaning more
23  than one pod because of the number of pod workers. Inmates are customarily locked in their cells
24  (a.k.a., "locked down") after meals. There, it is not uncommon for a pod worker to come into the
25  pod after lockdown to retrieve items from the cell of an inmate. Therefore, it was not unusual that
26  inmate Phillips requested to enter B-pod. (*Ibid.*)
27  5.   Prior to entering the pod, Phillips requested that Technician Richardson open cell No. B-03,
28  the cell of Plaintiff. Since B-pod had already been locked down, Technician Richardson believed

4

that Phillips needed to collect a food tray or trash from Plaintiff's cell. As inmate Phillips was a pod worker and there was no indication that he had any confrontation with any inmates, there was no reason not to let him enter Plaintiff's cell. (Richardson Dec., Ex. A.)

6. Inmate Phillips made the request to enter the cell calmly and gave no indication of having any violent or improper intentions. (*Ibid.*)

7. Technician Richardson then opened plaintiff's cell door. Inmate Phillips calmly walked to the cell and Plaintiff calmly stepped out of his cell to determine what inmate Phillips wanted. Inmate Phillips then approached Plaintiff in an aggressive manner, began yelling, and then literally bumped chests with him. Inmate Phillips then grabbed Plaintiff and the two began wrestling on the floor. Technician Richardson immediately called Deputy M. Tolero for assistance and advised the facility of the incident via the base radio and asked for further assistance. (*Ibid.*)

8. Deputy Tolero entered B pod, saw inmate Phillips and Plaintiff wrestling on the floor, and ordered them to cease fighting. Neither inmate complied with the order. Deputy Tolero then used pepper spray on both of them. He then called for additional assistance. (Tolero Dec., Ex. A at pg. 4.)

9. Another deputy arrived and inmate Phillips and Plaintiff were separated. The two inmates were then escorted to separate isolation cells. Both were provided with access to water. (Tolero Dec., Ex. A at pg. 4.)

10. At 8:52 a.m., LVN S. Anderson treated Rinehart for a one-and-a-half inch abrasion to his right wrist, a two-and-a-half inch abrasion to his left chest, and a one inch abrasion to his right cheek next to the bridge of his nose. (*Ibid.*) Plaintiff claimed to be "ok." He was alert and oriented with a steady gait. (Kenny Dec., Ex. C at Prison Health Services, Inc. Grievance Response.) Plaintiff was then returned to the isolation cell. (Tolero Dec., Ex. A at pg. 4.)

11. Soon thereafter, LVN Anderson treated inmate Phillips for abrasions to his back, a two-and-a-half inch abrasion to his right bicep, multiple abrasions to the face varying in length and depth, and lacerations to both sides of his left middle finger. (*Ibid.*)

12. Soon after the incident, Deputy Tolero began preparing a report regarding the incident. He contacted all inmates house in B-pod in the course of preparing the report. (Tolero Dec., ¶¶ 4-6.)

5

13.    Inmates Royce Pearson, Christopher Jenkins, Plaintiff, and Phillips submitted written statements regarding the incident. (*Id.* at pg. 5.)

14.    Inmate Pearson, who personally witnessed the scuffle, stated that after the cell door "popped open," "they started to fight." He submitted his personal statement at approximately 10:45 a.m. on February 11. (Tolero Dec., Ex. A at pg. 6.)

15.    Inmate Jenkins, Plaintiff's cell mate, stated that he witnessed the scuffle but he did not know the name of the pod worker or what caused the fight. He submitted his personal statement at approximately 11:00 a.m. on February 11. (Tolero Dec., Ex. A at pg. 7.)

16.    Plaintiff stated that inmate Phillips began to argue with him and threaten him soon after breakfast on February 11, telling him "wait till the doors pop then it's on." However, Plaintiff did not think he was serious and did not pay attention to him. Even when the door opened and inmate Phillips was still ten feet away from Plaintiff's cell, Plaintiff did not call for help or indicate he was in fear for his safety. Plaintiff did not know why inmate Phillips was angry at him. He submitted his personal statement at approximately 1:00 p.m. on February 11. (*Id.* at pg. 8.)

17.    Inmate Phillips stated that he was tired of being disrespected by other inmates and that he had "had enough" and asked Technician Richardson to open Plaintiff's door. This allegedly unfair treatment provided his motive for the assault. Inmate Phillips admitted deceiving Technician Richardson with regard to opening the door. He stated Technician Richardson did not know of his intentions, but that pod workers typically enter the cells of fellow inmates to "retrieve things from the cell like trays and garbage." He submitted his personal statement at approximately 3:00 p.m. on February 11. (*Id.* at pg. 9.)

18.    Inmate Phillips was then returned to his isolation cell and scheduled for a follow up appointment the next day. (*Id.* at pg. 4.)

19.    Inmate Phillips was then moved to another housing unit and his status as a pod worker was ended. (*Ibid.*)

20.    On February 14, 2007, at approximately 9:00 a.m., Deputy Tolero completed the report.

21.    On February 15, 2007, Plaintiff filed an inmate grievance. In the grievance, he alleged that Technician Richardson was "conned" to open the cell. He stated that the incident could have been

1  prevented if Technician Richardson had investigated the "reason why Phillips wanted Rinehart's
2  door open." (Kenny Dec., Ex. C at Inmate Grievance Form.)
3  22.   Plaintiff was seen in sick call on February 15, 2007 and February 23, 2007. (Kenny Dec.,
4  Ex. C at Prison Health Services, Inc. Grievance Response.)
5  23.   On March 7, 2007, Plaintiff was again seen in sick call. He complained that he might have
6  developed a hernia because of the fight. However, there were no signs or symptoms of a hernia and
7  no history of one in his medical file. Plaintiff walked without difficulty and was laughing and joking
8  with Santa Rita jail staff. (Kenny Dec., Ex. C at Prison Health Services, Inc. Grievance Response.)

## V.   ARGUMENT

### A.   PLAINTIFF CANNOT SHOW TECHNICIAN RICHARDSON WAS DELIBERATELY INDIFFERENT IN PERFORMING HIS DUTIES.

Plaintiff contends that Technician Richardson was deliberately indifferent to a substantial risk of serious harm to Plaintiff by allowing a designated pod worker into Plaintiff's cell. According to Plaintiff, Technician Richardson should have more carefully investigated the reason why inmate Phillips sought to enter Plaintiff's cell.

Of course, under the Eighth Amendment, prison officials have a duty to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). A prison official must have actual knowledge of an "excessive risk to inmate health and safety," and have acted with deliberate indifference to it. Courts may infer the existence of this subjective state of mind from the fact that the risk of harm is obvious. *Farmer, supra,* 511 U.S. at 841-842 (1994). Put another way, for Eighth Amendment liability to attach a defendant's conduct must constitute "unnecessary, wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Unless the evidence viewed in the light most favorable to the plaintiff supports a reliable inference of wantonness in inflicting pain, the case should not go to a jury. *Whitley v. Albers*, 475 U.S. 312, 322 (1986).

However, the failure to alleviate a significant risk of which the official should have been aware does not amount to infliction of punishment. *Id.* at 838. For a claim based on a prison official's alleged failure to prevent harm, the inmate must show he is incarcerated under conditions

"posing a substantial risk of serious harm." *Id.* at 834 (citation omitted.)

Here, Plaintiff cannot recover as a matter of law under *Farmer*. Giving Plaintiff every benefit of the doubt, he alleges nothing more than negligence.[1] Plaintiff finds fault with Technician Richardson's decision to open Plaintiff's cell door for pod worker inmate Phillips to enter. He states that Technician Richardson should have investigated inmate Phillips' intentions before opening Plaintiff's cell door.

In fact, Technician Richardson allowed inmate Phillips to enter Plaintiff's cell for the following reasons: (1) inmate Phillips was one of three authorized pod workers who regularly worked in Housing Unit #8; (2) inmate Phillips asked for permission to enter Plaintiff's cell soon after lockdown, which was not unusual; (3) inmate Phillips asked to enter Plaintiff's cell in a calm voice, giving no indication that he was agitated or angry; and (4) there was no indication that inmate Phillips had any confrontation with any B-pod inmates during breakfast that day. (Statement of Undisputed Facts, "SUF", ¶¶ 3-6.)[2]

Inmates Royce and Jenkins (Plaintiff's cell mate) stated that they did not know why inmate Phillips and Plaintiff fought. (SUF, ¶¶ 14-15.)

Once the incident began, Technician Richardson took two steps to ensure the safety of Plaintiff, other inmates, the staff, and the institution: (1) he immediately called Deputy M. Tolero to advise him that a fight was occurring; and (2) he immediately advised other staff of the fight via the base radio. (SUF, ¶ 7.)

After the incident, Plaintiff stated he did not know why inmate Phillips wanted to fight with him. He was apparently unaware of any problems between them. Even when inmate Phillips told him that there would be a fight when Plaintiff's cell door "popped" open, Plaintiff did not think he was serious and did not pay attention to him. When the door was opened and inmate Phillips was still ten feet away, Plaintiff did not call for help or take any other defensive action. (SUF, ¶ 16.)

---

[1] Of course, nothing in this motion should be construed as an admission that Technician Richardson in fact acted negligently. Technician Richardson adamantly denies that he did so, and that any act or omission on his part was a substantial factor in causing Plaintiff's injuries. For the purpose of the Eighth Amendment claim, assuming that Technician Richardson acting negligently, he was not deliberately indifferent.

[2] The SUF is located on pages 4-7 herein.

1  Inmate Phillips admitted that Technician Richardson had no idea that inmate Phillips
2  intended to assault Plaintiff and that pod workers typically enter the cells of fellow inmates to
3  retrieve items such as trays and garbage. (SUF, ¶ 17.)
4  In his inmate grievance, Plaintiff admits that Technician Richardson was "conned." (SUF, ¶
5  21.) If this was the case, then Plaintiff and the other inmates were "conned" as well. No one but
6  inmate Phillips knew that inmate Phillips intended to fight with Plaintiff.
7  There was no indication that inmate Phillips, an inmate pod worker authorized to enter the
8  cells of fellow inmates, posed a substantial risk of causing serious harm to Plaintiff, much less any
9  other inmate. Even if he did, there is no evidence that Technician Richardson was aware of this
10 threat. Plaintiff cannot prove a prima facie case of deliberate indifference.

**B.   TECHNICIAN RICHARDSON IS ENTITLED TO QUALIFIED IMMUNITY.**

Even if Plaintiff could raise a genuine issue of material fact as to deliberate indifference, Technician Richardson is entitled to qualified immunity as a matter of law.

Qualified immunity protects government officials "from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The threshold question is whether, viewed in the light most favorable to the Plaintiff, the facts alleged show that the official's conduct violated a clearly established constitutional right. *Saucier v. Katz*, 533 U.S. 194, 201 (2001).

Here, Technician Richardson's conduct did not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow, supra*, 457 U.S. at 818. Plaintiff has a right to be free from a jail official's deliberate indifference to inmate vs. inmate assaults. *See Farmer, supra*, 511 U.S. at 833. However, it is not clear how this general principle applies in this case. There is no clearly established right that a Sheriff's technician must conduct an in depth investigation to determine the motives of an authorized pod worker.

///
///
///

### C. SHERIFF AHERN CANNOT BE LIABLE FOR THE INCIDENT AND IS ENTITLED TO QUALIFIED IMMUNITY.

Plaintiff appears to contend that Sheriff Ahern is somehow vicariously responsible for Technician Richardson's alleged failure to properly respond. Even if Plaintiff could establish that his Eighth Amendment rights were violated by Technician Richardson's conduct, Sheriff Ahern cannot be vicariously liable as a matter of law.

There is no respondeat superior or vicarious liability under § 1983. *Monell v. Department of Social Services,* 436 U.S. 658, 694-695 (1978). A state actor cannot be liable absent direct evidence of his participation in the unlawful conduct. *Farmer, supra,* 511 U.S. at 844 (a prison official who lacks knowledge of a risk cannot be said to have inflicted punishment.) Simply put, Sheriff Ahern had no personal involvement in the events described in Plaintiff's complaint. It is not enough that Sheriff Ahern is the top of the "chain of command." Plaintiff's Eight Amendment claim against Sheriff Ahern fails as a matter of law.

Even if Plaintiff could prove a prima facie case for an Eighth Amendment violation against Sheriff Ahern, because Technician Richardson is entitled to qualified immunity, so is Sheriff Ahern.

### VI. CONCLUSION

Technician Richardson is entitled to summary judgment. As a matter of law, the Plaintiff cannot prove deliberate indifference. Additionally, Technician Richardson is entitled to qualified immunity as a matter of law. Sheriff Ahern is entitled to summary judgment. He played no part in the events. Additionally, there is no vicarious liability for § 1983 claims. He is also entitled to qualified immunity.

Dated: October 24, 2007                                         ANDRADA & ASSOCIATES

                                                                By _____
                                                                BRENDAN KENNY
                                                                Attorneys for Defendants
                                                                SHERIFF GREGORY AHERN and
                                                                TECHNICIAN B. RICHARDSON

{00051729.DOC/}RMS 0666                                         *Rinehart v. Adhern, et al.* - C07 2558 MJJ (PR)
NOTICE OF AND MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE

*Rinehart v. Ahern, et al.*
U.S. District Court, ND, Case No. CV 07-02558 MJJ (PR)

I, the undersigned, declare that I am over the age of 18 years and not a party to the within action; that my business address is 180 Grand Avenue, Suite 225, Oakland, California; and that on 10/24/2007, I served a true copy of the foregoing document(s) entitled:

(1) NOTICE OF, AND MOTION FOR SUMMARY JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56);

(2) DECLARATION OF BRENDAN KENNY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56);

(3) DECLARATION OF SHERIFF'S TECHNICIAN B. RICHARDSON IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56);

(4) DECLARATION OF DEPUTY SHERIFF M. TOLERO IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56); and

(5) [PROPOSED] ORDER GRANTING DEFENANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56)

on the parties in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Harrison Rinehart                                    **Pro Per**
2818 – 16th Avenue
Oakland, CA  94601
Also
2818 – 60th Avenue
Oakland, CA  94605

_____  (By Mail)  I caused each envelope with postage fully prepaid to be placed for collection and mailing following the ordinary business practices of Andrada & Associates.

_____  (By Hand)  I caused each envelope to be delivered by hand to the person(s) listed above.

_____  (By Telecopy)  I caused each document to be sent by fax to the fax as indicated above.

__X__  (By Overnight Delivery)  I caused each envelope to be delivered by overnight delivery to the person(s) indicated above.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on 10/24/2007, at Oakland, California.

*/s/ Lilian Roberts*
1  LILIAN ROBERTS

{00051125.DOC/} RMS 0666
PROOF OF SERVICE