1  J. RANDALL ANDRADA (SBN 70000)
   randrada@andradalaw.com
2  BRENDAN KENNY (SBN 237969)
   bkenny@andradalaw.com
3  **ANDRADA & ASSOCIATES**
   **PROFESSIONAL CORPORATION**
4  180 Grand Avenue, Suite 225
   Oakland, California  94612
5  Tel.:  (510) 287-4160
   Fax:   (510) 287-4161
6
   Attorneys for Defendants
7  SHERIFF GREGORY AHERN and
   SHERIFF'S TECHNICIAN B. RICHARDSON
8

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HARRISON RINEHART,<br><br>Plaintiffs,<br><br>v.<br><br>GREG AHERN- SHERIFF, ET AL. and RICHARDSON - TECHNICIAN,<br><br>Defendants. | Case No.: CV 07-02558 MJJ (PR)<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (FEDERAL RULE OF CIVIL PROCEDURE 56)**<br><br>No hearing pursuant to 7-30-07 order<br><br>Action Filed:  May 15, 2007<br>Trial Date:    TBD |

The Motion for Summary Judgment filed by Defendants SHERIFF'S TECHNICIAN RICHARDSON ("Technician Richardson") and SHERIFF GREGORY AHERN ("Sheriff Ahern") came on regularly for hearing in Courtroom 11 of this Court. Plaintiff appeared in pro per. Defendants appeared by and through their attorney, Brendan Kenny. Having read and considered the motion and related papers in this matter, heard argument of counsel, and for good cause showing, the Court makes the following orders:

(1) With respect to plaintiff's Eighth Amendment claim relating to the February 11, 2007 incident, Plaintiff cannot prove that Technician Richardson was deliberately indifferent before, during, and after the incident;

1

{00051920.DOC/}RMS 0666                                                 *Rinehart v. Adhern, et al.* - C07 2558 MJJ (PR)
[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

(2) With respect to plaintiff's Eighth Amendment claim relating to the February 11, 2007 incident, even if Plaintiff could raise a genuine material fact as to deliberate indifference, Technician Richardson is entitled to qualified immunity for his conduct before, during, and after the February 11, 2007 incident of mutual combat, because he did not violate a clearly established constitutional right that a reasonable prison official would have been aware of; and

(3) With respect to plaintiff's Eight Amendment claim relating to the February 11, 2007 incident, Plaintiff cannot recover as to Sheriff Ahern because the only basis for liability is respondeat superior, and this is not a proper basis under 42 U.S.C. § 1983. Alternatively, Sheriff Ahern is entitled to qualified immunity.

IT IS THEREFORE ORDERED that said motion for summary judgment is granted.

Dated:

_____
UNITED STATES DISTRICT JUDGE

{00051920.DOC/}RMS 0666
[PROPOSED] ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

*Rinehart v. Adhern, et al.* - C07 2558 MJJ (PR)